JAMES H. CLARK *vs.* CHARLES L. SAWYER & others.

Franklin.    Sept. 19. — Nov. 29, 1876.    COLT & MORTGN, JJ., absent.

A., as deputy sheriff, attached certain articles as the property of B., in an action against him, and took an agreement, signed by him, as principal, and C. as surety, to deliver the property on demand, or pay the amount recovered in the action and costs. A., with the consent of B., but without the knowledge or consent of C., voluntarily delivered a part of the articles to one who claimed them as mortgagee. *Held,* in an action on the agreement that it was entire, and that A., having made performance impossible, could not maintain the action against C.

CONTRACT against Charles L. Sawyer, Erastus O. Sawyer, Enoch Washburn, and H. M. Gibbs, upon the following agreement, signed by the two first named defendants, as principals, and by the others as sureties :

" Franklin, ss.    March 27, 1874.    Whereas J. H. Clark, a deputy sheriff in and for the county of Franklin, has this day, by virtue of a writ, wherein Charles L. Sawyer and Erastus O. Sawyer, defendants, and Frank T. Swan, plaintiff, attached [Here followed a list of the articles attached].    The attached property, above enumerated and mentioned, is estimated and valued at ten hundred and fifty dollars, as being the present fair cash value thereof, and which said writ is returnable to the Superior Court next to be holden at Greenfield, in and for the county of Franklin, on the second Monday of August next.    Now in consideration of the premises, and of said J. H. Clark allowing the above property, so by him attached, to remain in the charge and possession of the said defendants, we hereby jointly and severally promise and agree, that said property is the lawful property of the said defendants, and is of the aforesaid value, and that we will on demand deliver the said property to the said J. H. Clark, in like good order and condition as the same is now in, and of its present value, or in case of our neglecting or refusing to deliver the property as aforesaid, we will pay on demand to the said J. H. Clark, or his lawful representatives, the amount of debt and costs which shall be recovered in the said suit, together with all lawful fees upon such execution or executions as may be placed in the hands of said J. H. Clark or his legal representatives."

The case was submitted to the Superior Court, and after judgment for the plaintiff, to this court, on appeal by the sureties, on an agreed statement of facts in substance as follows :

The facts recited in the agreement are true, and the agreement was executed by the defendants. In the action upon which the property was attached, the plaintiff recovered judgment, execution issued, and a demand was made upon the defendants for the property mentioned in the agreement.

A large part in value of the attached property was, after the attachment, claimed by one Pierce under a mortgage executed to him by the defendants, Charles L. Sawyer and Erastus O. Sawyer, and Pierce made a demand upon the plaintiff, to surrender to him the articles ; the demand was in all respects properly made, and, by reason of the demand, the plaintiff surrendered the articles to Pierce. After the obligation given by the defendants had been executed and delivered to the plaintiff, and at the time of the surrender by him to Pierce of the articles claimed by Pierce under his mortgage, the plaintiff, with the knowledge and consent of the defendants, Charles L. Sawyer and Erastus O. Sawyer, but without the knowledge or consent of the defendants, Washburn and Gibbs, erased, from the list of articles of property attached, the articles which he surrendered to Pierce. These erasures were made by Clark in good faith, without intent to defraud.

*S. O. Lamb*, for the plaintiff.

*F. F. Fay & E. V. Wilson*, for the sureties.

LORD, J. It is not necessary, in the view which we take of this case, to determine whether the erasures, made by the plaintiff in the agreement declared on, were a material alteration of the agreement; because the agreed facts, which led to the erasures, disclose a defence to the action, entirely independent of the alteration of the instrument. The agreement declared on is an entire agreement, in which Charles L. and Erastus O. Sawyer were principals, and the appellants were sureties. The agreement was not simply to deliver the property named therein on demand, with the legal conclusion that in default of such delivery the defendants should be held to pay such damages as the plaintiff should thereby sustain. The agreement was on demand to deliver the property in good order, &c., " or in case of our

neglecting or refusing to deliver the property as aforesaid, we will pay on demand to the said J. H. Clark, or his lawful representatives, the amount of debt and costs which shall be recovered in the said suit," (the suit in which the property had been attached as the property of the principal defendants,) " together with all lawful fees upon such execution or executions as may be placed in the hands of said J. H. Clark, or his legal representatives." A large part in value of the attached property was under mortgage to one Pierce. We are not called upon to state what would have been the result, had Pierce taken possession of the articles to which he made claim by replevin or otherwise; for the case finds that, upon demand being made by Pierce upon the plaintiff, he voluntarily surrendered the property to Pierce. It is not material that this was done with the consent of the principal defendants, for the case finds that the appellants, who were sureties only and known to the plaintiff to be sureties only, gave no consent to and had no knowledge of the transaction. The plaintiff then, voluntarily and without the consent of the appellants, put it out of the power of the defendants to perform their agreement. Having done this, he cannot now call upon them to perform it; and, the contract being an entire one, and he, having by his act made it impossible for the defendants to perform it as an entire contract, cannot call upon them to perform that part, of which he has not prevented the performance. Their reply is conclusive, that such is not the contract into which they entered. We think, therefore, without regard to the question of alteration, that there must be

*Judgment for the defendants.*